IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 17 2004

Michael N. Milby
Clerk of Court

JUAN RAMIREZ, (
(
PETITIONER, (
( CASE NO. B-04-026
VS. (
( CASE NO. 1-94-CR-00121-002
W. SISNEROS, WARDEN (
OF F.C.I. BASTROP, TEXAS (
(
RESPONDENT. (

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY UNDER
28 U.S.C. SECTION 2241

TO THE HONORABLE COURT:

COMES NOW, JUAN RAMIREZ, hereinafter, the Petitioner or Ramirez, in the above styled and Numbered Cause. Petitioner comes Pro-Se. and In Forma Pauperis. Ramirez is not an Attorney at Law and respectfully will ask the District Court not to hold him to the same strignest standards that an Attorney would be held. See the Case of **Haines v. Kerner**, 404 U.S. 518 (1972). Petitioner Respectfully moves this Honorable District Court to issue a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. Sec. 2241.

### JURISDICITON

Petitioner Ramirez, a Federal Prisoner, that is presently incarcerated and residing at F.C.I. Bastrop, Texas and is in the Custody of Warden Sisneros at the direction of the United

Page 1

States Attorney General John Ashcroft, by virtue of a Judgement and Commitment Order issued by the United States District Court for the Southern District of Texas. At, the Brownsville Division.

Petitioner files this Petition pursuant to the authority under Title 28 U.S.C. Sec. 2241 and Claims venue in this District Court, because this Court was Petitioner's Sentencing Court of the issue in question. Therefore this Honorable District Court has subject matter jurisdiction to hear this Case under 28 U.S.C. Sec. 2241.

## REASON FOR GRANTING WRIT

This Honorable District Court should grant Petitioner's Writ of Habeas Corpus for the purpose of clarifying the question at issue, to the Federal Bureau of Prisons.

## STATEMENT OF THE CASE

Petitioner Juan Ramirez, was sentenced under Docket No. 1-94CR00121-002, and according to Paragraph 71 of Page 17 of the Pre-Sentence Report Petitioner was considered an Organizer and Leader. But, the first Paragraph of Page 19 of the Same sentencing Pre-Sentence Report states that the Leadership Role should not be applied.

The District Court at sentencing did not apply the points for the leader organizer. But the Staff at F.C.I. Bastrop states that Petitioner is a leader Organizer because the District Court never stated that Petitioner was not a leader organizer.

Petitioner is requesting that this District Court grant Petitioner's writ of Habeas Corpus and issue and Order to the

Page 2

Records Office of F.C.I. Bastrop Clarifying that Petitioner was not applied the 4 points for Leader Organizer therefore it should not be held against Petitioner.

Paragraph # 82 of the Pre-Sentence Report of Docket No.: 1-94CR-00121-002 states "Adjustments for role in the offense application note / under U.S.S.G. 2D.1.5 indicates adjustments from Cahpter 3 Part B Role in the Offense should not be applied.

Petitioner has executed all his Administrative Remedy on this issue though the Federal Bureau of Prisons Policy and is requesting a Court Clarifying on the issue at the District Court level.

Petitioner, Prays that his Writ be granted for all the above reasons stated on this Writ of Habeas Corpus and in the best interest of Justice.

**RESPECTFULLY SUBMITTED IN GOOD FAITH ON THIS** 18 **DAY OF DECEMBER 2003.**

BY: _____
JUAN RAMIREZ, PETITIONER PRO-SE.
REG. NO. 62929-079
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010
BASTROP, TEXAS  78602-1010

### CERTIFICATE OF SERVICE

Petitioner herein Certify that a Original and 2 copies of his Writ have been sent to the Clerk of this Court as I do not know who the United States District Attorney nor his address for the Southern District of Texas at Brownsville, Texas.

BY: _____
JUAN RAMIREZ, MOVANT/ PETITIONE

Page 3

**RE:  RAMIREZ, JUAN**                                                                                    94-00121-02
     **(AKA: RAMIREZ, JUAN, JR.)**

the information contained in the general affidavit was false and as a result, the tax adjustment for 1988 as concluded by IRS Agent Frank Garza was insufficient.

70. The actual value of the house located at 3120 Indiana Drive was found to be $45,000.00. Based on this amount, IRS Agent Frank Garza concluded that the difference in tax loss for 1988 for **Juan Ramirez** was $16,168.00 which includes income tax and self-employment tax. David Acosta and Enrique Rodriguez are believed to have equal culpability as both served as advisors to **Juan Ramirez** and both were aware that the information in the general affidavit regarding 3120 Indiana Drive was false.

71. Carlos Rodriguez and **Juan Ramirez** are considered organizers and leaders of this criminal conspiracy. The remaining defendants held subordinate positions to Carlos Rodriguez and **Juan Ramirez** and each participated in different aspects of the conspiracy and/or criminal enterprise. They appeared to maintain equal culpability to each other.

72. In an interview conducted by Senior U. S. Probation Officer Daniel Barron, Carlos Rodriguez admitted that his role in the operation was to receive orders of drugs from Mexico and prepare the drugs for further transportation northward. He was in charge of receiving and packaging the drugs in South Texas, then delivering them to **Juan Ramirez** who would in turn arrange for delivery of the drugs to the New Jersey Operation. Mr. Rodriguez further acknowledged that he committed the instant offense on several occasions as reported by numerous co-conspirators and codefendants.

Victim Impact

73. There are no identifiable victims of the offense.

Adjustment for Obstruction of Justice

74. The probation officer has no information to suggest that the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

75. The defendant upon his attorney's advice, refused to divulge any information regarding his participation and role in the instant offense. Defense counsel, Felix Recio, assured the Probation Officer that the defendant would submit a written defendant's version, however, as of date of this dictation, the defendant's version has not been filed. Therefore, it does not appear that the defendant has accepted his personal responsibility in the instant offense.

#94-00121-02   This is from p19 of the PSI


#82  Adjustments for the role in the offense application note/under U.S.S.G. 2D.1.5
indicates adjustments from chapter 3 part B role in the offense should not be applied.


                   STATEMENT OF REASONS
The court adopts the factual findings and guideline application in the presentence report.

U.S. Department of Justice  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **RAMIREZ, JUAN**      **62929-079**     **HOUSTON**     **F.C.I. BASTROP**
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

The Reason for My Appeal is that Warden W. Sisnereos on his response of May 16, 2003. Stated that the Sentencing Judge from the Southern District of Texas Ruled that I maintained a leadership Role, in my most current offense.

But I read the first paragraph of page 19 of the Pre-sentence Report of the Southern District. It states that the leadership Role should not be applied.

Then we have the fact that when the Court added the guideline Points the Court did not add the 4 Points for Leader Organizer. See also Page 19 of My Judgement. The Leader Organizer did not apply.

Correction of my Pre Sentence Report. I did add page 6 of 6 of Judgement. But not needed. 8-12-03 JR

7-22-03  
DATE                                               SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED  
AUG 18 2003  
ADMINISTRATIVE REMEDY BRANCH

_____  
DATE                                             GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: **293387-A2**

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____  
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION  
SUBJECT: _____

_____  
DATE                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL  
USP LVN                           Previously BP-DIR-11                 BP-231(13)