AO 245B (Rev. 8/96) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## Southern District of Texas

Holding Session in Brownsville

United States District Court
Southern District of Texas
FILED

JAN 29 1999

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JUAN RAMIREZ AKA: JUAN RAMIREZ, JR. | Case Number: 1:94CR00121-002 |

☐ See Additional Aliases - Sheet

Date of Original Judgment: **December 12, 1994**
(or Date of Last Amended Judgment)

Felix Recio
Defendant's Attorney

☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☑ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Condition (18 U.S.C. § 3563 (c) or 3583 (e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582 (c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guideline (18 U.S.C. § 3582 (c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255, ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order

**Received**
FEB 2 1999
U. S. Probation Office
Brownsville

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1 and 8 on 10/05/94
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 848 | Engaging in a continuing criminal enterprise. | 07/01/1993 | 1 |
| 18 U.S.C. § 371 and 18 U.S.C. § 1956(g) | Conspiracy to conduct financial transactions which involved | 07/01/93 | 8 |

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) 2, 3, 4, 5 and 6 are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No: ▮▮▮▮
Defendant's Date of Birth: ▮▮▮▮
Defendant's USM No.: ▮▮▮▮
Defendant's Residence Address: ▮▮▮▮

Defendant's Mailing Address: ▮▮▮▮

October 29, 1998
Date of Imposition of Judgment

*/s/ [signature]*
Signature of Judicial Officer

**FILEMON B. VELA**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

01/29/99
Date

LWM/scb

DOC 295

AO 245B (Rev. 3/95) Amended Judgment in a Criminal Case - Imprisonment                    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT:   JUAN RAMIREZ AKA: JUAN RAMIREZ, JR.                                             Judgment - Page  2  of  6
CASE NUMBER: 1:94CR00121-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  __120__ months **

In each of Counts 1 and 8 to run concurrently. The Court further orders the term of imprisonment imposed by this judgment shall run concurrently to the defendant's imprisonment pursuant to the judgment in Cr. No. 93-00170-01, District of New Jersey.

☐ See Additional Imprisonment Terms - Sheet
☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ _____ on _____
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ by 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

**NOTE: U.S. Marshal, this is 1 of _____ Judgments.

AO 245B (Rev. 3/95) Amended Judgment in a Criminal Case - Supervised Release    (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: JUAN RAMIREZ AKA: JUAN RAMIREZ, JR.    Judgment - Page 3 of 6
CASE NUMBER: 1:94CR00121-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____5____ years

in each of Counts 1 and 8 to run concurrently.

☐ See Additional Supervised Release Terms - Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)

☑ The defendant shall not possess a firearm as defined in 18 U.S.C.§ 921. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

☑ See Special Conditions of Supervision - Sheet 3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) if restitution has been ordered, the defendant shall make restitution as ordered by the Court and in accordance with the applicable provisions of Title 18 U.S.C. § 2248, 2259, 2264, 2327, 3663, 3663A, and/or 3664. The defendant shall also pay the assessment imposed in accordance with Title 18 U.S.C. § 3013;
15) the defendant shall notify the U.S. Probation Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

AO 245B (Rev. 3/95) Amended Judgment in a Criminal Case - Supervised Release

DEFENDANT: JUAN RAMIREZ AKA: JUAN RAMIREZ, JR.
CASE NUMBER: 1:94CR00121-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant is hereby placed on notice that the court is quite concerned there has been an alarming increase of Driving While Intoxicated and illicit drug violations by persons sentenced by this court to probation or supervised release. Such violations are criminal offenses which would cause mandatory revocation of Probation/Supervised Release and subject to consequences thereof.

AO 245B (Rev. 8/98) Amended Judgment in a Criminal Case - Criminal Monetary Penalties                                  (NOTE: Identify Changes with Asterisks (*))

**DEFENDANT:** JUAN RAMIREZ AKA: JUAN RAMIREZ, JR.                                  Judgment - Page 4 of 6
**CASE NUMBER:** 1:94CR00121-002

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 |  |  |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............ _____

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of _____ $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\*\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| **Totals:** | $0.00 | $0.00 |  |

☐ See Additional Victims

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 8/96) Amended Judgment in a Criminal Case - Criminal Monetary Penalties    (NOTE: Monthly Changes with Asterisks (*))

DEFENDANT:   JUAN RAMIREZ AKA: JUAN RAMIREZ, JR.    Judgment - Page 5 of 6
CASE NUMBER: 1:94CR00121-002

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of total fine and other criminal monetary penalties shall be due as follows:

A [✓] in full immediately; or

B [ ] _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence _____ day(s)
In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] In _____ (e.g. equal, weekly, monthly, quarterly) installments of _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] Joint and Several

| Case Number (Including Defendant No.) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ] See Additional Forfeited Property - Sheet

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program, are to be made as directed by the Court, the probation officer, or the United States Attorney.

2458 (Rev. 8/95) Amended Judgment in a Criminal Case - Statement of Reasons

**DEFENDANT:** JUAN RAMIREZ AKA: JUAN RAMIREZ, JR.

**CASE NUMBER:** 1:94CR00121-002

Judgment - Page 6 of 6

# STATEMENT OF REASONS

[✓] The Court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The Court adopts the factual findings and guideline application in the presentence report except:

[ ] See Additional Findings and Guideline Application Exceptions - Sheet

**Guideline Range Determined by the Court:**

Total Offense Level: __42__

Criminal History Category: __I__

Imprisonment Range: __360__ to __Life__ months.

Supervised Release Range: __5__ to __5__ years.

Fine Range: __$25,000.00__ to __$2,500,000.00__

[✓] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: _____

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

[ ] Partial or no restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

[ ] See Additional Reasons for Point Within Range - Sheet

**OR**

[✓] The sentence departs from the guideline range:
    [✓] upon motion of the government, as a result of defendant's substantial assistance.
    [ ] for the following specific reason(s):

[ ] See Additional Reasons For Departure From The Guideline Range - Sheet

This is in response to your Central Office Administrative Remedy Appeal in which you contest the Greatest Severity Public Safety Factor (PSF) assigned to your case. You claim the classification of Greatest Severity does not apply as you did not maintain a leadership role in your current offense.

Our review reveals the Warden and Regional Director adequately responded to the issue raised in your appeal. The issue raised is within the authority of the Warden as set forth in Program Statement (P.S.) 5100.07, <u>Security Designation and Custody Classification Manual</u>. The intent of P.S. 5100.07 is to allow staff to use professional judgment in decisions involving custody classification. P.S. 5100.07 states that total offense behavior is to be used when determining an inmate's current offense. P.S. 5100.07 further stipulates that any drug offender whose current offense includes being part of an organizational network and he or she organized or maintained ownership interest/profits from large-scale drug activity, and the cocaine is greater than or equal to 10,000 gm, 10 kilograms or 22 pounds shall be scored in the Greatest Severity category.

Your Presentence Investigation Report (PSI) for Docket No. 1:94CR00121-002 describes your role in the offense as an organizer and leader of the criminal conspiracy that involved numerous deliveries of cocaine and each load was in excess of 1,000 kilograms. Therefore, we find your offense has been correctly scored in the Greatest Severity category and the Greatest Severity PSF is warranted.

We concur with the responses provided, find them appropriate, and in compliance with policy. Your appeal is denied.

_October 8, 2003_
Date

_Harrell Watts, Administrator_
National Inmate Appeals

**ATTACHMENT A**