IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

NOV 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN RAMIREZ, | § | |
|    Reg. No. 62929-079 | § | |
|    Petitioner, | § | |
| | § | |
| vs. | § | C.A. NO. B-04-026 |
| | § | |
| W. SISNEROS, Warden | § | |
| Federal Correctional Institution, | § | |
| Bastrop, Texas | § | |
|    Respondent. | § | |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR SUMMARY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

W. Sisneros, "Warden", by and through the United States Attorney for the Southern District of Texas, files this Response to Juan Ramirez (Ramirez)'s Petition for Writ of Habeas Corpus and Motion for Summary Judgment. In support thereof the Warden would show the court the following:

I

## PROCEDURAL HISTORY

On August 16, 1994, Ramirez was indicted by a federal grand jury sitting in Brownsville, Texas for continuing criminal enterprise (CCE), possession with intent to distribute in excess of 1000 kilos of cocaine, money laundering conspiracy and

other assorted charges (PSR 1-6). On October 5, 1994, Ramirez plead guilty to the CCE and money laundering conspiracy (PSR 8). The district court (Vela, J.) imposed Ramirez's sentence on December 12, 1994: the court remanded Ramirez into the custody of the Bureau of Prisons to serve concurrent 240-month terms of imprisonment that are to be followed by five-year terms of supervised release. The district judge ordered that the federal sentences be served concurrently with a New Jersey sentence of imprisonment in USDC, Cr-93-170.[1] Upon motion, the district court reduced Ramirez' sentences to 120 months (DOC. 295). The available record does not reveal whether Ramirez directly appealed.

Ramirez filed the instant motion for relief under 28 U.S.C. § 2241 on February 17, 2004. Prior to filing this action, Ramirez pursued the administrative remedies available in the Bureau of Prisons (BOP). In his claims before the BOP, Ramirez contested his classification as the Greatest Severity Public Safety Factor. Citing his leadership role in the offense of conviction and multiple 1000 kilo loads involved, the final BOP review determination ruled against him (ATTACHMENT A). Ramirez has reportedly exhausted his administrative remedies.

## Jurisdiction

---

[1] The judgment of conviction and sentence in Criminal Case No. B-94-121 is appended to the Government's response.

2

A.  <u>Venue, Proper Parties and Service</u>

Ramirez is presently confined in the Federal Correctional Institute at Bastrop Texas, which is located within the Western Judicial District of Texas. Jurisdiction for Ramirez's §2241 claim is within the district in which the prisoner is presently confined. The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2717 (2004). This court is without jurisdiction to hear Ramirez' instant claim.

II

GROUND FOR RELIEF

Were the Court to reach Ramirez' claim, in this motion, Ramirez asserts that the Bureau of Prisons erred in finding a leadership role despite the absence of such finding by the district court. Ramirez' PSR and judgement are on file there. Ramirez infers that the district court's evaluation of the leadership issue binds the BOP's

3

determination of the issue. Ramirez' classification claim is premised upon the claim that the Bureau of Prisons officials refused to reach the same finding as the district court on Ramirez' leadership role. Inmates have no protectable property or liberty interest in custodial classification. *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)(abrogated on other grounds), *Wilson v. Budney*, 76 F.2d 957, 958 (5th Cir.1992); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). The classification of prisoners is a matter within the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir.1990). Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials. See *Jackson v. Cain*, 864 F.2d 1235 (5th Cir.1989).

Contrary to Ramirez' premise, the BOP conducts an independent evaluation of Ramirez' "public safety factor". Notwithstanding the lack of a leadership role finding in the district court, the PSR reveals Ramirez clearly performed a leadership role in the commission of the offenses of conviction.

III

This Court is without jurisdiction to hear Ramirez' claim. Even if the Court reached the substance of Ramirez' claim, Ramirez fails to demonstrate that the BOP did erred in Ramirez' classification. Consequently, Ramirez's Petition for a Writ of Habeas Corpus should be summarily denied and this case dismissed.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: *[signature]*

Mark M. Dowd
Assistant United States Attorney
Attorney for respondent
600 E. Harrison, # 201
Brownsville, Texas 78520
State bar No. 06070500
Fed.Id.No. 9314
(956) 548-2554

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Response to Juan Ramirez's Petition for Writ of Habeas Corpus and Motion for Summary Judgment has been mailed on this the _19_ day of _November_, 2004, via certified mail, return receipt requested to

Mr. Juan Ramirez
Reg No. 62929-079
Federal Correctional Institution
P.O. Box 1010
Bastrop, Texas 78602-1010

_____
Mark M. Dowd
Assistant United States Attorney